UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LLOYD ANDREW SHABAIASH, | Civil No. 10-2268 (DWF/SRN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| MINNESOTA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 3.)[1] The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

**I. BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility at Rush City, Minnesota. He is serving a 36-month sentence that was imposed in July 2004, following

---

[1] Petitioner's original petition, (Docket No. 1), was replaced and superceded by his current amended petition. He was permitted to file an amended petition without leave of court, "once as a matter of course," pursuant to Fed. R. Civ. P. 15(a). See Rule 12, Rules Governing Section 2254 Cases In The United States District Courts ("The Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

his conviction for driving while intoxicated. (Amended Petition, p. (2) , §§ 2-5.)[3] Petitioner has never challenged his conviction or his sentence in a direct appeal, in a post-conviction motion, or in any other state court proceeding. (Id., pp. (2)-(3), §§ 8-10; p. 6, § 13.)

Petitioner's current petition lists four claims for relief. As far as the Court can tell, Petitioner is claiming that he was deprived of his constitutional right to effective assistance of counsel during his state court proceedings, because –

(1) his attorney did not inform him that he could challenge the prosecution's evidence by using a "source code defence [sic];"

(2) his attorney erroneously informed him that if his sentence were "executed," then he would "be off probation;"

(3) his attorney did not inform him that an "extra year" would be "added" to his sentence; and

(4) his attorney told him that he could no longer challenge his conviction and sentence in court.
(Id., pp. (5)-(6), § 12.)

However, it plainly appears on the face of the amended petition that Petitioner has not exhausted his state court remedies for any of his current claims for relief, as required by applicable federal statutes and decisions of the United States Supreme Court. Therefore, this action must be summarily dismissed.

---

[3] Petitioner has not explained why he is still serving a three-year sentence that was imposed six years ago. The commencement of Petitioner's sentence must have been postponed for some reason, but that reason is not disclosed in Petitioner's submissions.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

It is also well established that a habeas petitioner must exhaust his state court remedies for <u>all</u> of the claims that he seeks to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

3

Here, it is abundantly clear, on the face of the amended petition, that Petitioner has not raised any of his current claims for relief in any Minnesota state court proceeding. (Amended Petition, pp. (2)-(3), §§ 8-10; p. (6), § 13.) Moreover, there is a state court remedy that <u>might</u> still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. § 590.01. Minnesota state courts have held that claims of ineffective assistance of trial counsel can be raised in post-conviction proceedings if, (but only if), the claim could not be resolved on direct appeal based on the existing record. See Chambers v. State, 769 N.W.2d 762, 763-64 (Minn. 2009) ("[w]hen a claim of ineffective assistance of counsel can be determined from the trial record, it must be brought on direct appeal...; [i]f, however, the claim requires examination of evidence outside the trial record and additional fact-finding, then the claim is not procedurally barred," and may be raised in a post-conviction motion).

In this case, it is unclear whether Petitioner's current ineffective assistance of counsel claims could be resolved based on the existing record, or whether additional fact-finding is necessary. Thus, it is unclear whether Petitioner's ineffective assistance of counsel claims could properly be entertained in a state post-conviction motion. However, the Court finds that it would be preferable to have the Minnesota state courts, rather than the federal district court, decide which, if any, of Petitioner's unexhausted claims of ineffective assistance of counsel can still be heard and decided on the merits in the state courts. See Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for

4

lack of exhaustion").[4]

Because Petitioner has failed to exhaust his state court remedies for any of his current claims for relief, his amended habeas corpus petition must be summarily dismissed pursuant to Rule 4 of the Governing Rules. However, the Court will recommend that this action be dismissed <u>without prejudice</u>, so that Petitioner can go back to the state courts and attempt to exhaust his presently unexhausted claims. Petitioner may return to federal court, (if necessary), after the state courts, <u>including the Minnesota Supreme Court</u>, have reviewed and decided <u>all</u> of the claims that he seeks to present in federal court. <u>See</u> <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993); <u>see</u> <u>also</u> <u>Nelson</u>, <u>supra</u>.[5]

---

[4] If the state courts were to reject Petitioner's presently unexhausted claims because of a state procedural rule, those claims would be procedurally defaulted, and they would not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). <u>See</u> <u>also</u> <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting <u>Coleman</u>, 501 U.S. at 732.

[5] Although the Court is recommending that Petitioner be allowed to return to federal court after exhausting his state court remedies, it is by no means certain that any future (post-exhaustion) federal habeas petition will be adjudicable on the merits. According to Petitioner, the judgment at issue in this case was entered approximately six years ago. (Amended Petition, p. (2), § 2.) Therefore, it appears that federal habeas review of that judgment will be barred by the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). Because Petitioner has furnished little information about the background of this matter, the Court cannot presently determine exactly how the statute of limitations would apply to this case. However, given the vintage of the judgment at issue, there is obvious reason to suspect that it is already too late to review the judgment in a federal habeas corpus proceeding. Thus, if Petitioner does return to federal court after exhausting his state court remedies, he might well find that the applicable federal statute of limitations expired long ago.

Lastly, the Court notes Petitioner has filed an application for leave to proceed in forma pauperis, ("IFP"), in this matter. (Docket No. 2.) Having determined that this action must be summarily dismissed because Petitioner has failed to exhaust his state court remedies, the Court will further recommend that Petitioner's pending IFP application be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's amended petition for a writ of habeas corpus, (Docket No. 3), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: July 15, 2010

  s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 30, 2010** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.